32140.   TISINGER *et al. v.* WOOLLEY.

Decided October 22, 1948.   Rehearing denied November 13, 1948.

*Phillips & Johnson,* for plaintiffs.

*Grover Middlebrooks,* for defendants.

FELTON, J. In the view we take of this case it is unnecessary to decide whether the various rulings by Judge Almand became the law of the case and whether the first amendment was sufficient to open the case for further amendment. Assuming for the sake of argument that the first amendment opened the case for further amendment, we think that Judge Pharr properly sustained the general demurrers to both counts of the petition. The demurrer to the first count was properly sustained because it is not alleged therein that the patient was not attended by a nurse at the time she is alleged to have jumped to her death and consequently the allegations are not sufficient to show that the negligence of the defendant, rather than that of the hospital, was the proximate cause of the patient's death. The demurrer to the second count was properly sustained. In the last amendment it was alleged that in the absence of a nurse certain things occurred, but it is nowhere alleged as a fact that the absence of a nurse was due to the defendant's negligence; it was not alleged that at the time of the tragedy there was no nurse or attendant assigned to the patient. The allegation that no nurse or attendant was assigned to constantly watch and guard the patient does not suffice. Failure to have the patient guarded at a time when the failure amounted to nothing would not be actionable negligence if the patient was guarded at a crucial time, and would not be negligence as to the defendant if a guard was assigned for duty by the hospital and neglected it.

The court did not err in sustaining the general demurrer to both counts and dismissing them.

*Judgment affirmed. Sutton, C. J., and Parker, J., concur.*